# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUPERIOR SERVICES, INC., | |
| Plaintiff, | 8:15CV396 |
| vs. | ORDER |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |
| ACI DEVELOPMENT CORPORATION, | 8:15CV398 |
| Plaintiff, | |
| vs. | |
| UNIVERSAL WARRANTY CORP., MIC GENERAL INSURANCE CORP., and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |
| M.S.E. DISTRIBUTING, INC., | |
| Plaintiff, | 8:15CV400 |
| vs. | |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |

| | |
|---|---|
| THOMAS HANLON, d/b/a<br>DEALER DIRECT,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNIVERSAL WARRANTY CORP.,<br>and<br>ALLY INSURANCE HOLDINGS, INC.,<br><br>        Defendants. | 8:15CV401 |
| AUTOMOTIVE DEVELOPMENT<br>SERVICES, INC.,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNIVERSAL WARRANTY CORP.,<br>and<br>ALLY INSURANCE HOLDINGS, INC.,<br><br>        Defendants. | 8:15CV402 |

      This matter is before the court on the parties' Stipulation to Consolidate Cases for Pretrial Management and Discovery Only (Filing No. 15 in all five cases). The parties state there are common issues of fact and law raised in these lawsuits. Generally, these five lawsuits allege claims for breach of contract and other claims based on vehicle service and warranty contracts and other financial services products purchased by motor vehicle dealers. The parties also agree consolidation for pretrial management and discovery will result in efficiencies for the parties and the court.

      Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter

of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States Envtl. Prot. Agency v. Green Forest***, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, supra, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." ***Id.*** Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." ***Id.*** § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

Upon review of the cases, the court is convinced these actions involve the same defendants and the same issues. Additionally, the cases involve common questions of law and fact. Due to the similarity in the cases, the parties will likely present similar motions and arguments during discovery. Consolidation during the discovery phase will avoid duplicative parallel activities. Consolidation for discovery will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense. Upon consideration,

**IT IS ORDERED**:

1. The parties' Stipulation to Consolidate Cases for Pretrial Management and Discovery Only (Filing No. 15 in 8:15CV396, 8:15CV398, 8:15CV400, 8:15CV401, and 8:15CV402) is granted.

2. The five above-captioned cases are consolidated for purposes of discovery only.

3. Case No. 8:15CV396 is hereby designated as the "Lead Case." Case numbers 8:15CV398, 8:15CV400, 8:15CV401, and 8:15CV402 are hereby designated as the "Member Cases."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents related to discovery (except those described in paragraph 5) in the Lead Case, No. 8:15CV396, and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. The parties shall have until **January 12, 2016**, to meet, confer, and file a planning report with the court pursuant to Federal Rule of Civil Procedure 26(f).

Dated this 1st day of December, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge