# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUPERIOR SERVICES, INC.., <br>     Plaintiff, <br> v. <br> UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS INC., <br>     Defendants. | 8:15CV396 <br><br> **PROTECTIVE ORDER** |
| ACI DEVELOPMENT CORPORATION, <br>     Plaintiff, <br> v. <br> UNIVERSAL WARRANTY CORP., MIC GENERAL INSURANCE CORP. and ALLY INSURANCE HOLDINGS, INC., <br>     Defendants. | 8:15CV398 |
| M.S.E. DISTRIBUTING, INC., <br>     Plaintiff, <br> v. <br> UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS INC., <br>     Defendants. | 8:15CV400 |
| THOMAS HANLON, D/b/a DEALER DIRECT, <br>     Plaintiff, <br> v. <br> UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS INC., <br>     Defendants. | 8:15CV401 |

| | |
|---|---|
| AUTOMOTIVE DEVELOPMENT SERVICES, INC., | 8:15CV402 |
| Plaintiff, | |
| v. | |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS INC., | |
| Defendants. | |

1.  APPLICATION. This Protective order limits the use or disclosure of documents, deposition testimony, or other discovery designated as "Confidential" or "Confidential – Attorneys Eyes Only" and it applies to: (a) documents, deposition testimony and electronic data designated to be subject to this Protective Order as set forth below; (b) information, copies, extracts, and complete or partial summaries of documents, deposition testimony and electronic data so designated; (c) answers to interrogatories, responses to requests for admissions, responses to requests for production, and initial disclosures (and exhibits to any of these materials) which are designated by any party as "Confidential" or "Confidential – Attorneys Eyes Only" under this order; and (d) portions of briefs, affidavits, memoranda, or any other writing filed with the Court (and exhibits thereto) which include any materials or information identified in (a), (b), or (c) of this paragraph.

2.  CONFIDENTIAL DOCUMENTS. A party producing documents or electronic data in discovery may stamp as "Confidential" or so designate by written notice with reference to the applicable Bates numbers, any document, disc or other media which in good faith it believes contains confidential or proprietary personal or business information and/or trade secrets. A party producing documents or electronic data in discovery may stamp as "Confidential – Attorneys Eyes Only" or so designate by written notice with reference to the applicable Bates numbers, any document, disc or other media which in good faith it believes in good faith contains confidential or proprietary personal or business information and/or trade secrets that would present a significant risk of substantial harm if disclosed to the receiving party. In the event a producing party designates a document as "Confidential – Attorneys Eyes Only," then concurrently with the production of the document so marked, the producing party shall produce a redacted version of the

2

document that may be disclosed to the receiving party. A party which has produced documents prior to the entry of this Order may, within ten days of the entry of this Order, inform the party to whom documents were produced that certain documents (identified by Bates numbers) already produced are designated as "Confidential" or "Confidential – Attorneys Eyes Only." Further dissemination and disclosure of documents designated as "Confidential" or "Confidential – Attorneys Eyes Only" and the information in documents so designated shall be limited as set forth in this Protective Order.

3. <u>DEPOSITION TRANSCRIPTS</u>. Any party may designate as "Confidential" or "Confidential – Attorneys Eyes Only" any portion of deposition testimony which in good faith it believes meets the requirements of "Confidential" or Confidential – Attorneys Eyes Only" as described in ¶ 2 of this Order. The party shall so designate the portions of the deposition transcript either at the time of the deposition or within thirty (30) days following that party's counsel's receipt of the transcript of the deposition from the reporter. Each reporter participating in any such deposition shall be informed about and provided with a copy of this Protective order and shall agree to be bound by its terms. Each such reporter shall designate the portions of deposition transcripts designated as "Confidential" or "Confidential – Attorneys Eyes Only" with the legend "Confidential—Designated by Counsel" or "Confidential – Attorneys Eyes Only – Designated by Counsel."

4. <u>EFFECT OF CONFIDENTIAL DESIGNATION</u>. Documents or electronic data designated "Confidential" and deposition testimony so designated will be retained by counsel and will not be used by counsel or by any party for any purpose other than this litigation, and will not be disclosed except pursuant to court order entered after notice, to anyone except:

   a. Counsel who have signed this Order approving it as to form and content, attorneys who are affiliated with the law firms of counsel who have signed this Order, retained outside counsel, in-house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

   b. Individual parties and officers, directors, employees and agents of corporate parties;

   c. Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses,

       but only to the extent reasonably necessary to prepare them to testify or when reasonably necessary during their testimony;

   d.   Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

   e.   Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

   f.   Any person who authored, received, or who otherwise has already been provided access to the document in the ordinary course of business;

   g.   The parties' insurers, reinsurers, ceding companies, and their affiliates;

   h.   Court, court personnel, court reporters and similar personnel.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (c) and (d) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.

     5.   <u>EFFECT OF CONFIDENTIAL – ATTORNEYS EYES ONLY DESIGNATION</u>.  Documents or electronic data designated "Confidential – Attorneys Eyes Only" and deposition testimony so designated will be retained by counsel and will not be disclosed to the parties, nor used by counsel or by any party for any purpose other than this litigation, and will not be disclosed except pursuant to court order entered after notice, to anyone except:

   a.   Counsel who have signed this Order approving it as to form and content, attorneys who are affiliated with the law firms of counsel who have signed this order, retained outside counsel, in-house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

   b.   Court reporters, stenographers, or video operators at depositions, or court proceedings at which Confidential – Attorneys Eyes Only Information is disclosed;

    c.    Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses in this action, but only to the extent reasonably necessary to prepare them to testify or when reasonably necessary during their testimony;

    d.    Any deposition or trial witness, and their counsel, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

    e.    Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Attorneys Eyes Only information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

    f.    Any person who authored, received, or who otherwise has already been provided access to the "Confidential – Attorneys Eyes Only" information in the ordinary course of business;

    g.    Such other persons as the parties may mutually agree upon in writing.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (c) and (d) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.

    6.    <u>NON-PARTY WITNESSES</u>.  A copy of this Protective order shall be served with every subpoena or Notice of Deposition served upon non-party deponents.  A non-party witness may designate any document it believes contains confidential or proprietary business information and/or trade secrets as "Confidential" pursuant to this Protective Order by stamping it with such designation prior to production.

    7.    <u>CHALLENGE TO DESIGNATION</u>.  Any party may challenge the "Confidential" or "Confidential – Attorneys Eyes Only" designation of any document or other discovery material subject to this Protective order by notifying all parties of the fact that it is challenging the designation and providing the designating party not less than ten (10) days' notice before moving for an order compelling disclosure.  The parties shall attempt to resolve such disagreements before submitting them to the Court.  Once challenged, the burden to establish confidentiality shall be on the designating party.

8.   <u>FILING DOCUMENTS CONTAINING CONFIDENTIAL OR CONFIDENTIAL- ATTORNEYS EYES ONLY INFORMATION</u>.  Any party filing a document with the Court that contains information or materials that have been deemed "Confidential" or "Confidential – Attorneys Eyes Only" shall file that document with restricted status such that access is limited to counsel of record and the court, or under RESTRICTED ACCESS, in accordance with NECivR 5.3 and 7.5.

9.   <u>RETURN OF DOCUMENTS</u>.  After this litigation (including all appeals) is finally resolved, the parties shall destroy or return to the producing party all documents and/or other materials containing information deemed "Confidential" or "Confidential – Attorneys Eyes Only" that were obtained during the course of pretrial discovery or at trial, including all copies of such documents.  The party destroying or returning the documents shall provide to counsel for the producing party a certification attesting to such disposition.  This Protective Order shall remain in full force and effect after the final resolution of this litigation.

10.   <u>USE OF DOCUMENTS BY PRODUCING PARTIES</u>.  Nothing in this Protective Order shall limit any party or person in its use of its own documents, or from disclosing its own documents and information, or from any use of documents or other discovery not designated as "Confidential" or "Confidential – Attorneys Eyes Only".

11.   <u>EFFECT OF PRODUCTION</u>.  Neither the designation of any documents as "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to this Protective Order nor the production of such documents in discovery shall be deemed a waiver of any objection to the admissibility of such documents or their contents at trial.

12.   <u>EXCEPTIONS</u>.  This Protective Order shall be binding on any party to whom any material designated as "Confidential" or "Confidential – Attorneys Eyes Only" is disclosed absent a showing that the material has become public knowledge without a breach of this Protective Order.

13.   <u>APPLICATION TO COURT</u>.  Any interested party may apply for a court order seeking any additional disclosure or modifying or limiting this Order in any respect.

14.   <u>WAIVER</u>.  A party's waiver of any rights under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.  A waiver not

expressly made general shall be deemed limited to the narrow purpose of the circumstances involved and shall not otherwise waive any of the rights provided by this Protective Order.

15. <u>NON-EXCLUSIVITY</u>. All ethical, legal, and equitable rights and obligations not addressed in this Protective Order remain in force.

**SO ORDERED** this 12th day of August, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

Approved as to form and content:

By:  s/Matthew V. Bartle
Matthew V. Bartle, MO #40903
(admitted pro hac vice)
David L. Marcus, MO #47846
(admitted pro hac vice)
BARTLE & MARCUS LLC
233 W. 47th St
Kansas City  MO  64112
(816) 285-3888
(mbartle@bmlawkc.com)
(dmarcus@bmlawkc.com)

and

Jeffry D. Patterson, NE #20761
1141 H Street
Lincoln, NE 68508
(402) 47-2847
(jdpatterson@gmail.com)
*Attorneys for Plaintiffs*

By:  s/Nicholas K. Rudman
Steven D. Davidson, #18684
Nicholas K. Rudman, #25182
BAIRD HOLM LLP
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
E-mail:  sdavidson@bairdholm.com
*Attorneys for Defendants*