## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SUPERIOR SERVICES, INC.,** | |
| Plaintiff, | 8:15CV396 |
| vs. | |
| **UNIVERSAL WARRANTY CORP.** and **ALLY INSURANCE HOLDINGS, INC.,** | ORDER |
| Defendants. | |
| | |
| **ACI DEVELOPMENT CORPORATION,** | |
| Plaintiff, | 8:15CV398 |
| vs. | |
| **UNIVERSAL WARRANTY CORP., MIC GENERAL INSURANCE CORP.,** and **ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |
| | |
| **M.S.E. DISTRIBUTING, INC.,** | |
| Plaintiff, | 8:15CV400 |
| vs. | |
| **UNIVERSAL WARRANTY CORP.** and **ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |
| | |
| **THOMAS HANLON, d/b/a Dealer Direct,** | 8:15CV401 |
| Plaintiff, | |
| vs. | |
| **UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |

| | |
|---|---|
| AUTOMOTIVE DEVELOPMENT SERVICES, INC., | |
| Plaintiff, | 8:15CV402 |
| vs. | |
| UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |
| EARL DANIELS, d/b/a Professional Dealer Services, | 8:16CV276 |
| Plaintiff, | |
| vs. | |
| UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |
| GAINES FINANCIAL SERVICES, INC., | 8:16CV328 |
| Plaintiff, | |
| vs. | |
| UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |
| INSURED DEALER SERVICES, INC., | 8:16CV346 |
| Plaintiff, | |
| vs. | |
| UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants. | |

| | |
|---|---|
| **VISION MARKETING GROUP & ASSOCIATES, INC.,** f/k/a Vision Marketing Group & Associates LLC, d/b/a Vision Marketing, | **8:16CV361** |
| Plaintiff, | |
| vs. | |
| **UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |
| **AUTO CARE EXTENDED SERVICE CORPORATION,** d/b/a Automotive Concepts, | **8:16CV362** |
| Plaintiff, | |
| vs. | |
| **UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |
| **GREAT LAKES AGENCY AND ADMINISTRATIVE SERVICES, INC.,** | **8:16CV415** |
| Plaintiff, | |
| vs. | |
| **UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |
| **AUTOMOTIVE RESOURCES, INC.,** | **8:16CV416** |
| Plaintiff, | |
| vs. | |
| **UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC.,** | |
| Defendants. | |

This matter is before the court on the parties' October 26, 2016, Stipulation to Consolidate Cases for Pretrial Management and Discovery Only (filed in all twelve cases). The parties state there are common issues of fact and law raised in these lawsuits. Generally, these twelve lawsuits allege claims for breach of contract and other claims based on vehicle service and warranty contracts and other financial services products purchased by motor vehicle dealers. The parties also agree consolidation for pretrial management and discovery will result in efficiencies for the parties and the court.

Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States Envtl. Prot. Agency v. Green Forest***, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, supra, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." ***Id.*** Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." ***Id.*** § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

Upon review of the cases, the court is convinced these actions involve the same defendants and the same issues. Additionally, the cases involve common questions of law and fact. Due to the similarity in the cases, the parties will likely present similar motions and arguments during discovery. Consolidation during the discovery phase will avoid duplicative parallel activities. Consolidation for discovery will promote the goals of

efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense. Upon consideration,

**IT IS ORDERED**:

1. The parties' October 26, 2016, Stipulation to Consolidate Cases for Pretrial Management and Discovery Only (Filing No. 53 in 8:15CV396, 8:15CV398, 8:15CV400, and 8:15CV402; Filing No. 52 in 8:15CV401; Filing No. 28 in 8:16CV276 and 8:16CV328; Filing No. 27 in 8:16CV346; Filing No. 26 in 8:16CV361 and 8:16CV362; Filing No. 21 in 8:16CV415; and Filing No. 22 in 8:16CV416) is granted.

2. The twelve above-captioned cases are consolidated for purposes of discovery and pretrial management only.

3. Case No. 8:15CV396 continues to be designated as the "Lead Case." Case numbers 8:15CV398, 8:15CV400, 8:15CV401, 8:15CV402, 8:16CV276, 8:16CV328, 8:16CV346, 8:16CV361, and 8:16CV362 continue to be designated as "Member Cases" and case numbers 8:16CV415 and 8:16CV416 are hereby designated as "Member Cases."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents related to discovery (except those described in paragraph 5) in the Lead Case, No. 8:15CV396, and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. The August 12, 2016, Protective Order (Filing No 45 in case 8:15CV396) will apply to the newly consolidated cases.

8. The deadlines and discovery limitations contained in the June 20, 2016, Order for Initial Progression of Case (Filing No. 40 in case 8:15CV396) shall apply equally to all of the above-captioned cases.

Dated this 27th day of October, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge