IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUPERIOR SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV396** <br><br> **ORDER** |
| ACI DEVELOPMENT CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL WARRANTY CORP., MIC GENERAL INSURANCE CORP., and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV398** |
| M.S.E. DISTRIBUTING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV400** |
| THOMAS HANLON ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV401** |

| | |
|---|---|
| AUTOMOTIVE DEVELOPMENT SERVICES, INC., Plaintiff, vs. UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., Defendants. | **8:15CV402** |
| EARL DANIELS, Plaintiff, vs. UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS INC., Defendants. | **8:16CV276** |
| GAINES FINANCIAL SERVICES, INC., Plaintiff, vs. UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS, INC., Defendants. | **8:16CV328** |
| INSURED DEALER SERVICES, INC., Plaintiff, vs. UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS INC., Defendants. | **8:16CV346** |

| | |
|---|---|
| VISION MARKETING GROUP & ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS INC.,<br><br>Defendants. | **8:16CV361** |
| AUTO CARE EXTENDED SERVICE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS INC.,<br><br>Defendants. | **8:16CV362** |
| AUTOMOTIVE RESOURCES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL WARRANTY CORP., and ALLY INSURANCE HOLDINGS INC.,<br><br>Defendants. | **8:16CV416** |

This matter is before the Court on Plaintiffs' Motion to Compel (Case No. 8:15-cv-396, Filing No. 110; Case No. 8:16-cv-416, Filing No. 79; Case No. 8:15-cv-400, Filing No. 110; Case No. 8:15-cv-401, Filing No. 114; Case No. 8:15-cv-402, Filing No. 110; Case No. 8:15-cv-398, Filing No. 110; Case No. 8:16-cv-276, Filing No. 85; Case No. 8:16-cv-328, Filing No. 85; Case No. 8:16-cv-346, Filing No. 84; Case No. 8:16-cv-361, Filing No. 83; Case No. 8:16-cv-362, Filing No. 83). For the reasons set forth below, the Motion to Compel will be denied.

# BACKGROUND

Plaintiffs in these consolidated cases are independent agents who formerly marketed "VehicleOne" vehicle service contracts ("VSCs") to automobile dealers for resale to the dealers' customers. Plaintiffs marketed the VehicleOne VSC pursuant to a VehicleOne Program Representative Agreement. In 2015, the VehicleOne Program Representative Agreement was terminated, and Plaintiffs stopped receiving commissions, resulting in this litigation. Plaintiffs have asserted various causes of action against Defendants, including breach of contract, fraudulent concealment, negligent misrepresentation, tortious interference, unjust enrichment, and breach of the duty of good faith and fair dealing.

Plaintiffs claim that during discovery, they became aware that Defendants were replacing VehicleOne with another VSC, known as Ally Premier Protection ("APP"). Plaintiffs assert that they participated in the development of APP and believed that they would be authorized to market it to dealers. Plaintiffs maintain that they learned in discovery that Defendants planned to market APP exclusively through employees, rather than through independent agents. Plaintiffs assert that Defendants moved forward with this plan in 2015 and, as a result, the VehicleOne business was gradually "cannibalized." (Case No. 8:15-cv-396, [Filing No. 111](#).)

Plaintiffs' Fifth Set of Requests for Production of Documents seeks information regarding the APP product and the steps Defendants undertook to place APP in dealerships. Plaintiffs argue that this information bears upon their claims for breach of contract and fraud, as well as their theory of damages. Specifically, Plaintiffs assert that at the time Defendants were allegedly informing them that they planned to have a long term relationship with Plaintiffs, Defendants were working to eliminate the agent sales channel by replacing VehicleOne with APP.

# DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." [Fed. R. Civ. P. 26(b)(1)](). Relevancy is broadly construed, and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." [Met-Pro Corp. v. Industrial Air Technology, Corp., No. 8:07CV262, 2009 WL 553017, *3 (D. Neb. Mar. 4, 2009)](). "The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." [Id](). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." [Id]().

Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." [Fed. R. Civ. P. 26(b)](). Further, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." [Id]().

Plaintiffs seek to obtain discovery related to the APP product. In particular, Plaintiffs seek to compel the production of documents responsive to Document Production Request No. 1, which provides: "For each of the automobile dealers listed on the document bearing Bates No. UWC003663, documents sufficient to show the number of [APP] contracts sold on a per month basis during the time period January 1, 2015 through the present." (Case No. 8:15-cv-396, [Filing No. 111-14]().) Plaintiffs also seek to compel documents responsive to Document Production Request No. 2, which states: "For each of the automobile dealers listed on the document bearing Bates No. UWC003663, any and all documents that evidence, relate or refer to changes in dealer compensation, including but not limited to changes to any bonus or retro program or the administration of same, that occurred during the time period January 1, 2015 through the present."[1] ([Id]().)

---

[1] Plaintiffs' motion initially sought to compel responses to Document Production Request Nos. 1, 2, 4 and 5. Plaintiffs have agreed to withdraw Request Nos. 4 and 5. (Case No. 8:15-cv-396, [Filing No. 130]().) Therefore, these requests will not be addressed in this Order.

5

Plaintiffs maintain that information regarding the APP product is relevant because it may show that Defendants committed fraud by inducing Plaintiffs to enter into a Core Representative Addendum to the VehicleOne Program Representative Agreement ("CRA"). The CRA allegedly required independent agents to market VehicleOne products to dealer-consumers first, and to refrain from marketing other providers' VSCs. Plaintiffs contend that Defendants induced Plaintiffs to sign the CRA by promising a long-term partnership. In reality, according to Plaintiffs, Defendants were developing APP as a replacement product for VehicleOne, with the intention to eliminate the agent sales channel. Plaintiffs claim that they are entitled to know what steps Defendants took to effectuate this plan, which is the subject of Request No. 2. Plaintiffs assert that had they known the VehicleOne product was being replaced, and that they would not be permitted to sell APP, they would not have signed the CRA. In other words, Plaintiffs seem to argue that they were led to believe that they would be able to sell APP. Thus, Plaintiffs contend that they are entitled to know how much business Defendants were able to move from VehicleOne to APP because this information will help establish the existence and amount of damages.

Defendants argue, however, that information related to APP is irrelevant because this litigation involves Plaintiffs' attempt to recover commissions for the sales of VehicleOne, and Plaintiffs were never contractually authorized to market APP.[2] Moreover, Defendants represent that APP did not replace VehicleOne, as VehicleOne products are still being offered for sale. Instead, according to Defendants, APP replaced the General Motors Protection Plan ("GMPP"). Defendants contend that Plaintiffs were not contractually authorized to market GMPP at the time their contracts were terminated. Further, Defendants contend that because many dealers sold both VehicleOne and GMPP, APP sales data would be misleading. Defendants maintain that it would be impossible to draw any reasonable inference about which of those two products (VehicleOne or GMPP) an APP sale replaced. Additionally, Defendants argue that even if this discovery is relevant, Plaintiffs' request related to dealer compensation and incentives is overly broad and unduly burdensome because it seeks extensive information relating to each of the

---

[2] The Court notes that it appears Plaintiffs dispute Defendants' assertion that they were not contractually authorized to sell APP.

several hundred individual dealers whom Plaintiffs serviced at the time their contracts were terminated.

The Court agrees with Defendants that information related to APP is irrelevant to the claims in this suit. In this action, Plaintiffs are attempting to recover commissions on the sales of VehicleOne products. Plaintiffs maintain that Defendants committed fraud when they induced Plaintiffs to sign the CRA by promising a long-term partnership "despite knowing that in the long term, Plaintiffs would not have a product to sell on Defendants' behalves." (Case No. 8:15-cv-396, [Filing No. 111](#).) However, the VehicleOne product was never discontinued or replaced by APP. The VehicleOne product is still being sold, and there are multiple differences between the VehicleOne and APP product, including price point and coverage options. According to Defendants, APP is actually a higher-priced product. Although the evidence indicates that Plaintiffs considered replacing or discontinuing VehicleOne, this did not occur. Thus, discovery related to the number of APP contracts sold, and steps Defendants undertook to place APP into dealerships, has no bearing on the issues in this case.

Moreover, the Court agrees with Defendants that requiring them to produce documents related or referring to changes in dealer compensation, including bonus programs and their administration, for over a three-year period would be unduly burdensome. To properly respond to these requests, Defendants would have to obtain information related to several hundred individual dealers. Also, the request for production is not limited to APP, but seemingly includes other products and services offered by Defendants. Thus, even assuming such information was marginally relevant, its relevance would be outweighed by the unreasonable burden imposed by production.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (Case No. 8:15-cv-396, [Filing No. 110](#); Case No. 8:16-cv-416, [Filing No. 79](#); Case No. 8:15-cv-400, [Filing No. 110](#); Case No. 8:15-cv-401, [Filing No. 114](#); Case No. 8:15-cv-402, [Filing No. 110](#); Case No. 8:15-cv-398, [Filing No. 110](#); Case No. 8:16-cv-276, [Filing No. 85](#); Case No. 8:16-cv-328, [Filing No. 85](#); Case No. 8:16-

cv-346, [Filing No. 84](#); Case No. 8:16-cv-361, [Filing No. 83](#); Case No. 8:16-cv-362, [Filing No. 83](#)) is denied.

Dated this 22nd day of May, 2018.

BY THE COURT:

S/ Susan M. Bazis
United States Magistrate Judge