IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUPERIOR SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV396** <br><br> **ORDER** |
| ACI DEVELOPMENT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL WARRANTY CORP., MIC GENERAL INSURANCE CORP., and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV398** |
| M.S.E. DISTRIBUTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | **8:15CV400** |

| | |
|---|---|
| THOMAS HANLON ENTERPRISES, LLC, <br><br>        Plaintiff,<br><br>   v.<br><br>UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC.,<br><br>        Defendants. | **8:15CV401** |
| AUTOMOTIVE DEVELOPMENT SERVICES, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC.,<br><br>        Defendants. | **8:15CV402** |
| EARL DANIELS,<br><br>        Plaintiff,<br><br>   v.<br><br>UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC.,<br><br>        Defendants. | **8:16CV276** |
| GAINES FINANCIAL SERVICES, INC.,<br><br>        Plaintiff, | **8:16CV328** |

|  |  |
|---|---|
| v. |  |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., |  |
| Defendants. |  |
| INSURED DEALER SERVICES, INC., Plaintiff, | **8:16CV346** |
| v. |  |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., |  |
| Defendants. |  |
| VISION MARKETING GROUP & ASSOCIATES, INC., Plaintiff, | **8:16CV361** |
| v. |  |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., |  |
| Defendants. |  |
| AUTO CARE EXTENDED SERVICE CORPORATION, Plaintiff, | **8:16CV362** |
| v. |  |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., |  |

|                                      |           |
|--------------------------------------|-----------|
| Defendants.                          |           |
| AUTOMOTIVE RESOURCES, INC.,          | 8:16CV416 |
| Plaintiff,                           |           |
| v.                                   |           |
| UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., | |
| Defendants.                          |           |

This matter is before the Court on the plaintiffs' objection (Filing No. 177 in the lead case, 8:15CV396) to the magistrate judge's[1] May 22, 2018, Order (Filing No. 174 in 8:15CV396) denying the plaintiffs' Motion to Compel (Filing No. 110 in 8:15CV396) the production of documents related to the Ally Premier Protection ("APP") vehicle-service contracts. The magistrate judge denied the Motion, concluding the documents were not relevant to the plaintiffs' claims. She further decided even if "such information was marginally relevant, its relevance would be outweighed by the unreasonable burden imposed by production."

The plaintiffs object to that decision but state they "do not seek a full reversal of [the denial] Order." Rather, they request "an Order compelling Defendants to produce just APP sales data for dealers Plaintiffs serviced prior to being terminated by UWC (Request No. 1 of Plaintiffs' Fifth Request for Production of Documents)."

The plaintiffs' objection is governed by 28 U.S.C. § 636(b)(1)(A). Under that statute, the Court may reconsider the magistrate judge's rulings if "it has been shown that

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

4

the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *accord* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

After careful review, the Court finds no compelling basis to set aside the magistrate judge's Order denying the plaintiffs' Motion to Compel. The proper scope of discovery is set by Federal Rule of Civil Procedure 26(b)(1), which provides in part

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Though broad, the rule still requires "[s]ome threshold showing of relevance [to] be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Under Rule 26(b)(2)(C)(i), the Court must also limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

In this case, the plaintiffs have limited their objection to the following request:

> For each of the automobile dealers listed on the document bearing Bates No. UWC003663, documents sufficient to show the number of Ally Premier Protection contracts sold on a per month basis during the time period January 1, 2015 through the present.

The plaintiffs claim this information about the APP program is relevant to their "fraud claim because it tends to show the [defendants'] promise of a long-term partnership" was

5

disingenuous.[2] The plaintiffs maintain the defendants' promises induced some of them to execute a Core Representative Addendum to VehicleOne Program Representative Agreement ("CRA") and led them to believe they would be allowed to sell APP products. According to the plaintiffs, the defendants concealed their belief that APP would replace VehicleOne and eventually eliminate the need for the plaintiffs. The plaintiffs maintain the APP sales information "is the best evidence of whether and to what extent VehicleOne has been or is being replaced by APP." The argument is unavailing.

The plaintiffs executed the CRAs in 2013. Those agreements related to the VehicleOne program, not the APP program. According to the plaintiffs, the defendants moved forward with plans to replace the VehicleOne program with the APP program in 2015, generally terminating their agreements with the plaintiffs effective July 1, 2015. Given this timeline and the nature of the plaintiffs' fraud-in-the-inducement claims, the plaintiffs do not adequately explain how sales data from January 1, 2015, to the present about a program not even mentioned in the CRAs is probative of the defendants' sincerity or alleged misrepresentations at the time the parties executed the CRAs in 2013. Even if the Court were to conclude the information is marginally relevant, the Court would still deny the request. The requested information is largely cumulative and not "proportional to the needs of the case, considering" the relative importance of the requested information and the balance of the benefits and burdens of production.

Because the plaintiffs have failed to make a threshold showing of how the requested information is relevant to any of the claims or defenses at issue in this case, the plaintiffs' objection (Filing No. 177 in 8:15CV396, 8:15CV398, 8:15CV400; Filing No. 184 in 8:15CV401; Filing No. 175 in 8:15CV402; Filing No. 147 in 8:16CV276, 8:16CV328; Filing No. 146 in 8:16CV346; Filing No. 145 in 8:16CV361, 8:16CV362;

---

[2]The plaintiffs no longer press the damages argument they unsuccessfully presented to the magistrate judge.

and Filing No. 141 in 8:16CV416) to the magistrate judge's May 22, 2018, Order denying their Motion to Compel is overruled.

IT IS SO ORDERED.

Dated this 5th day of June, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge